# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 26-599C
(Filed: April 29, 2026)

|  |  |
|---|---|
| **AARON C. MAZIE**, | ) |
| *Plaintiff,* | ) |
| v. | ) |
| **UNITED STATES**, | ) |
| *Defendant.* | ) |

*Aaron C. Mazie*, Upper Darby, PA, pro se plaintiff.

*Albert S. Iarossi*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

## ORDER

Prior to commencing this action, pro se plaintiff Aaron C. Mazie filed a complaint in this Court on March 2, 2026, principally alleging that the government unlawfully retained and benefited from his intellectual property. *See generally Mazie v. United States*, No. 26-345 (Fed. Cl. Mar. 2, 2026), Dkt. No. 1. Mr. Mazie requested permission to proceed *in forma pauperis* (IFP), but the undersigned—citing examples of his vexatious litigation in previous matters before this Court, the United States Court of Appeals for the Third Circuit, and the United States Court of Appeals for the Federal Circuit—determined that he should not be afforded the privilege of proceeding IFP. *See Mazie v. United States*, No. 26-345, 2026 WL 747037, at *1 (Fed. Cl. Mar. 13, 2026) (quoting *Lopez v. United States*, 178 Fed. Cl. 335, 337 (2025)).

Thereafter, the Court repeatedly instructed Mr. Mazie to pay the required filing fees. He consistently failed to follow the Court's orders, instead submitting multiple motions, notices, and other miscellaneous documents, including "a 'stack of fifty purported $1 million bills in novelty money featuring Dr. Martin Luther King, Jr.,' . . . a stack of 'Trump Gold Cards,' . . . [and] a photocopy of a purported $100,000 United States treasury bond"—asking that the Court use the Monopoly-esque money

to pay the $405 in required filing fees and return the change to him.[1]  *Mazie*, No. 26-345 (Fed. Cl. Apr. 14, 2026), Dkt. No. 28 (citations omitted); *Mazie*, 2026 WL 747037, at *1 n.2.  Mr. Mazie's actions were frivolous at best, and an ineffective attempt to deal in counterfeit obligations or securities in violation of 18 U.S.C. § 473 at worst.[2]  Ultimately, this Court dismissed Mr. Mazie's complaint on April 14, 2026, for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC).  *Mazie*, No. 26-345 (Fed. Cl. Apr. 14, 2026), Dkt. No. 28.

Undaunted, Mr. Mazie filed this action on April 22, 2026—his fifth in this Court (and, as far as the Court is aware, twenty-fifth overall) in just the last year[3]— in which he realleges the claims from his previous complaint and charges that the Clerk of Court failed to return his tendered novelty currency and securities.  ECF 1 at 4–6.  Recognizing that Mr. Mazie's claims and requests for relief were directly related to the action discussed above, the randomly assigned judge transferred this matter to the undersigned for adjudication.  ECF 8.

The Court will begin by addressing Mr. Mazie's request to return certain materials he mailed to the Court during his previous case.  The Clerk of Court already returned Mr. Mazie's March 9, 2026 submission (American Art Classics Pack of 50— Martin Luther King Jr.—MLK Commemorative Million Dollar Bill) via certified mail.  *See Mazie*, No. 26-345 (Fed. Cl. Mar. 13, 2026), Dkt. No. 19.  The Court's review of the docket in Mr. Mazie's prior action, and follow-up discussions with the Clerk of Court, confirm that the following documents remain on file:

- The "Trump Gold Cards" received on April 7, 2026;

- The "MLK Novelty Bill" received on April 7, 2026;

---

[1] *See Mazie*, No. 26-345 (Fed. Cl. Mar. 18, 2026), Dkt. No. 23 ("Plaintiff respectfully requests that this Court . . . [o]rder immediate payment of monetary relief in accordance with Plaintiff's claims, including $100.1 billion for proprietary frameworks and gold certificates . . . ."); *Mazie*, No. 26-345 (Fed. Cl. Apr. 10, 2026), Dkt. No. 27 ("Plaintiff submits that, if the Court determines . . . [t]he instruments possess identifiable monetary characteristics; or . . . constitute property of value . . . then the Court may . . . [c]onsider such value in connection with filing fee requirements . . . .").

[2] The criminal statute provides:

> Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 473.

[3] *See Mazie*, 2026 WL 747037, at *1 ("Mr. Mazie has filed at least twenty-three other lawsuits in federal courts in just the last year, including three others in this Court that were all dismissed at the pleading stage." (collecting cases)).

- Novelty money received on April 9, 2026[4];

- The "Copy of Novelty Bill" filed by Mr. Mazie via paper filing on April 10, 2026 (*Mazie*, No. 26-345 (Fed. Cl. Apr. 10, 2026), Dkt. No. 27-1); and

- Certain certificates—one of which is a duplicate of the "Copy of Novelty Bill" received on April 10, 2026—received on April 23, 2026.

Mr. Mazie's request to return his items is moot as to his March 9, 2026 submission but granted as to the other items that remain in the Court's possession. As it did when it returned Mr. Mazie's March 9, 2026 submission, the Court will cover the postage fees ($8.86) required to return the items to his record address. To refrain from wasting resources any further, though, the Court will no longer direct the return of similar submissions from Mr. Mazie. Going forward, if Mr. Mazie continues to deliver similar materials to the Court, he will be responsible for paying the postage fees required to mail them back. Moreover, as the Court has repeatedly explained to Mr. Mazie, it will only accept "cash, check, or money order," and "[f]or cash payments, exact change is required." *See* U.S. CT. OF FED. CLAIMS, SCHEDULE OF FEES (July 28, 2025), *quoted in, e.g.*, *Mazie*, No. 26-345 (Fed. Cl. Mar. 9, 2026), Dkt. No. 12; *and Mazie*, 2026 WL 747037, at *1 n.2.

Mr. Mazie also moves for "sealing or redacting" of "non-public or sensitive information." ECF 1 at 3. RCFC 5.2(a) lists the information that should be redacted from public filings: an individual's social security number, taxpayer identification number, and birthdate; the name of an individual known to be a minor; and financial account numbers. None of that information is included in Mr. Mazie's submissions. Accordingly, Mr. Mazie's request for sealing and redacting is denied. *Cf. Cullerton v. United States*, No. 25-2025, 2026 WL 963852, at *1 (Fed. Cl. Apr. 7, 2026) (citing the "strong presumption in favor of a common law right of public access to court proceedings" in denying plaintiff's motion to seal or redact (quoting *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011))), *appeal docketed*, No. 26-1633 (Fed. Cir. Apr. 9, 2026).

Mr. Mazie further moves to proceed IFP. *See* ECF 1 at 2–3. His request is denied. First, he did not file a completed and signed application to proceed IFP, which—again, as the Court has already explained, *see, e.g.*, *Mazie*, No. 26-345 (Fed. Cl. Mar. 5, 2026), Dkt. No. 7—he is required to do if he wants the Court to consider whether he is entitled to the privilege of proceeding IFP. *See* 28 U.S.C. §§ 1914–15. Second, and more importantly, he has not persuaded the Court that he should be afforded the privilege of proceeding IFP. Nothing has changed since the Court's March 13, 2026 order refusing to grant Mr. Mazie IFP status beyond his

---

[4] Although the return address on this novelty money did not list Mr. Mazie or his record address, the Court presumes it was delivered to the Court pursuant to the order confirmations Mr. Mazie appended to his "motion for brief extension of time to satisfy filing fee requirement or obtain ruling on in forma pauperis status." *Mazie*, No. 26-345 (Fed. Cl. Apr. 8, 2026), Dkt. No. 25 (alteration to capitalization).

decision to request permission to proceed IFP once more and essentially refile the same lawsuit that the Court dismissed on April 14, 2026.

This brings the Court to the substance of Mr. Mazie's complaint. In addition to the requested relief outlined above, he "preserves and reasserts" the "arguments and supporting materials" in his prior lawsuit "and requests that the Court consider them in accordance with applicable jurisdictional and procedural standards." ECF 1 at 4. Mr. Mazie's complaint is frivolous, so it must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . ."). His "reassert[ed]" claims, to the extent they are comprehensible, shifted throughout the prior action and now appear to center on whether the novelty money referenced above constitutes "monetary instruments." *Compare Mazie*, No. 26-345 (Fed. Cl. Mar. 2, 2026), Dkt. No. 1 ("Plaintiff's proprietary accounting framework, valuation analyses, and structured economic modeling were submitted into federal systems and utilized, referenced, or retained without compensation."), *with Mazie*, No. 26-345 (Fed. Cl. Apr. 10, 2026), Dkt. No. 27 ("[T]he Court has not yet . . . [c]onsidered whether [physical instruments described as private gold certificates] constitute cognizable property or monetary instruments."), *and* ECF 1 at 4 ("Plaintiff further states that the arguments and materials previously submitted were intended to clarify the nature, structure, and asserted characteristics of the instruments at issue . . . ."). The answer is no. "It is dubious that such . . . instrument[s], with zero indication of legitimacy or connection with a financial institution," could or would be recognized as fiat currency or anything of that nature. *Polinski v. United States*, 178 Fed. Cl. 736, 745–47 (2025) (dismissing pro se litigant's complaint and successive filings as frivolous under 28 U.S.C. § 1915), *aff'd*, No. 26-1249, 2026 WL 776608 (Fed. Cir. Mar. 19, 2026) (per curiam). Accordingly, Mr. Mazie's complaint is dismissed.[5]

Finally, Mr. Mazie is again warned that his continued exhaustion of limited judicial resources through the incessant filing of frivolous claims may result in sanctions. *See Mazie*, 2026 WL 799185, at *1 ("Mr. Mazie is further placed on notice that if he continues submitting frivolous documents, the Court will issue an order to show cause as to why he should not be sanctioned.").

---

[5] Mr. Mazie separately "requests that the Clerk's Office and/or the Court conduct an administrative review of Plaintiff's current electronic filing access status," ECF 3 at 2. *See Mazie v. United States*, No. 26-345, 2026 WL 799185 (Fed. Cl. Mar. 19, 2026) (order revoking Mr. Mazie's email filing privileges). In light of today's ruling dismissing this action, Mr. Mazie's request is denied as moot.

For the foregoing reasons:

(1)    Plaintiff's submissions, received on April 22, 2026, and titled "Brief in Support of Plaintiff's Position Regarding Monetary Instruments, Specie Obligations, and Legal Status of Certificates" and "Supplemental Clarification," are **REJECTED**.

(2)    The Clerk of Court is directed to **REJECT** plaintiff's submissions, received on April 22, 2026, and titled "Brief in Support of Plaintiff's Position Regarding Monetary Instruments, Specie Obligations, and Legal Status of Certificates" and "Supplemental Clarification."

(3)    The Clerk of Court is directed to **FILE** plaintiff's submission, received on April 22, 2026, and titled "Affidavit in Support of IFP Application," as a supplement to his application to proceed in forma pauperis (ECF 1 at 2–3).

(4)    Plaintiff's IFP application (ECF 1 at 2–3) is **DENIED**.

(5)    Plaintiff's request to provide an accounting of all submitted materials currently in the Court's possession (ECF 1 at 5–6) is **GRANTED**.

(6)    Plaintiff's request to return any physical materials not required for retention under Court rules (ECF 1 at 5–6) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

   a.    Plaintiff's request is **GRANTED** as to:

      i.    the "Trump Gold Cards" received on April 7, 2026;

      ii.    the "MLK Novelty Bill" received on April 7, 2026;

      iii.    the novelty money received on April 9, 2026;

      iv.    the "Copy of Novelty Bill" filed by Mr. Mazie via paper filing on April 10, 2026; and

      v.    the certificates received on April 23, 2026.

   b.    Plaintiff's request is **DENIED** as moot as to the "American Art Classics Pack of 50—Martin Luther King Jr.—MLK Commemorative Million Dollar Bill" received on March 9, 2026.

(7)    The Clerk of Court is directed to **RETURN** plaintiff's April 7, 2026 submissions ("Trump Gold Cards" and "MLK Novelty Bill"), April 9, 2026 submission (novelty money), April 10, 2026 submission (Copy of Novelty Bill), and April 23, 2026 submissions (certificates) by certified mail to Mr. Mazie's record address.

5

(8)   Plaintiff's request for limited sealing and redaction (ECF 1 at 3) is **DENIED**.

(9)   Plaintiff's motion for limited sealing and redaction of specified materials (ECF 3) is **DENIED**.

(10)  Plaintiff's complaint (ECF 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915.

(11)  Plaintiff's request for administrative review of electronic filing access (ECF 3) is **DENIED** as moot.

(12)  The Clerk of Court is directed to **ENTER** judgment accordingly.

(13)  The Clerk of Court is further directed to **REJECT** all future filings in this matter that do not strictly comply with the rules of this Court.

It is so **ORDERED**.

s/ Armando O. Bonilla

Armando O. Bonilla
Judge
